Argued and submitted August 31, 1995, affirmed February 21, petitioner's petition for reconsideration filed February 23 allowed by opinion March 27, 1996
See 140 Or App 72, 914 P2d 14 (1996)

JOHN SCOTT DAVIDSON,
*Petitioner,*

*v.*

BOARD OF PAROLE AND
POST-PRISON SUPERVISION,
*Respondent.*

(A86212)

911 P2d 973

Eric M. Cumfer, Deputy Public Defender, argued the cause for petitioner. With him on the brief was Sally L. Avera, Public Defender.

Robert K. Lau, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

**LANDAU, J.**

Petitioner seeks review of an order of the Board of Parole and Post-Prison Supervision (Board) that imposed a 12-month term of supervised parole, followed by unsupervised parole for the balance of his sentence. We affirm.

In November 1988, petitioner was sentenced to 12 years in prison for the offense of arson in the first degree, committed earlier that year. He was later paroled. In August 1994, parole was revoked, and the Board set a new release date of November 10, 1994, subject to the foregoing periods of supervised and unsupervised parole. As authority for its imposition of parole for the balance of the sentence, the Board cited administrative rules adopted pursuant to ORS 144.085, which, under the statute in effect,[1] provided that the Board's rules must require at least 12 months of supervised parole or post-prison supervision for the crime of which defendant was convicted.

On review, petitioner argues that ORS 144.085, which was enacted in 1993, cannot be applied to him. He argues that, because he was subject to a shorter term of parole under the statute in effect at the time the crime was committed, application of the more recently enacted ORS 144.085 violates the *ex post facto* clauses of both the state and federal constitutions. According to petitioner, at the time his crime was committed, he was subject to *former* ORS 144.310, which provided for discharge from his sentence after six months or a year of parole, depending on the seriousness of the offense and his criminal history.[2]

---

[1] ORS 144.085 (1993) provided, in part:

"(1) The State Board of Parole and Post-Prison Supervision shall adopt rules providing for periods of supervised parole and post-prison supervision subject to the following:

"(a) All prisoners shall serve at least:

"(A) Six months of supervised parole or post-prison supervision for crimes in crime categories one to three;

"(B) Twelve months of supervised parole or post-prison supervision for crimes in crime categories four to six[.]"

The 1995 legislature amended ORS 144.085, repealing the Board's authority to adopt rules for ORS 144.085. Or Laws 1995, ch 423, § 22.

[2] *Former* ORS 144.310, *repealed by* Or Laws 1993, ch 680, § 7, provided, in part:

Because the Board's order imposes parole for the balance of his 12-year sentence, petitioner concludes, it is unconstitutional.

The Board argues that petitioner's argument proceeds from a false premise, namely, that he was subject to ORS 144.310 at the time his crime was committed. The Board asserts that, at the time of the crime, a different statute, *former* ORS 144.305, applied, and that statute provided for parole extending for the entire term of an offender's sentence.[3] Hence, the Board concludes, its order does not impermissibly extend his term of parole beyond the period allowed under the statute that applied at the time of petitioner's crime.

---

"(1) When a paroled prisoner has performed the obligations of parole for such time as satisfies the State Board of Parole and Post-Prison Supervision that the prisoner's final release is not incompatible with the prisoner's welfare and that of society, the board may make a final order of discharge and issue to the paroled prisoner a certificate of discharge; but no such order of discharge shall be made within a period of less than six months after the date of release on parole, except that when the period of the sentence imposed by the court expires at an earlier date, a final order of discharge shall be made and a certificate of discharge issued to the paroled prisoner not later than the date of expiration of the sentence.

"(2) A paroled prisoner shall be subject to active parole supervision during the first six months of the period of parole. The board may require a more extended period of active supervision if, in a manner provided by rule, it finds that a six-month period of supervision is incompatible with the welfare of the parolee or of society. In making a determination whether to require active parole supervision for a period longer than six months, the board may consider the extent and availability of Department of Corrections resources.

"(3) The board may extend or renew the period of active parole supervision or delay discharge of a parolee if it finds, in the manner provided in ORS 144.343, that the parolee has violated the conditions or terms of parole.

"(4) During the pendency of any parole violation proceedings, the running of time periods set forth in this section is stayed and the board has jurisdiction over the parolee until the proceedings are resolved."

All references to ORS 144.310 are to that former statute.

[3] *Former* ORS 144.305, *repealed by* Or Laws 1993, ch 680, § 7, provided:

"Any parole in this state shall extend for the entire term of the offender's sentence, but active supervision of parole may be discontinued after three years if the parolee has substantially complied with the conditions of active supervision and any restitution owed to the victim has been paid. Any additional costs incurred as a result of this section shall be paid for by increased parole fees under ORS 423.570."

All references to ORS 144.305 are to that former statute.

We agree with the Board. Before 1986, the term of parole was determined by ORS 144.310, which, as petitioner correctly states, required parole for a term of six or twelve months, depending on the nature of the crime and the criminal history of the offender. In 1986, two years before petitioner committed the crime at issue, the people enacted Ballot Measure 10, which was codified at ORS 144.305. That law applied to all crimes committed on or after December 12, 1986, and, as the Board correctly states, required parole to extend for the entire term of an offender's sentence. Thus, at the time of the crime in this case, ORS 144.305 applied.

Petitioner insists that, notwithstanding the subsequent enactment of ORS 144.305, his parole was governed by the earlier statute. First, he argues that, because ORS 144.305 did not expressly repeal ORS 144.310, both statutes remained "on the books," and his term of parole should be set under the less harsh of the two applicable statutes. That argument assumes that ORS 144.310 still applied to him after the enactment of ORS 144.305. It plainly did not. ORS 144.305 applied to all crimes committed after December 4, 1986. Petitioner's was such a crime. ORS 144.310 remained "on the books" only as to crimes committed before the effective date of ORS 144.305.

Second, petitioner argues that ORS 144.305 does not apply because it was superseded by amendments to ORS 144.310. According to petitioner, in 1987, a year before his crime was committed, the legislature amended ORS 144.310. Therefore, that statute was effectively "revived" and took precedence over the earlier-enacted ORS 144.305. Petitioner's second argument makes even less sense than his first. The only amendment to ORS 144.310 in 1987 was to replace the term "Corrections Division" with the term "Department of Corrections." Or Laws 1987, ch 320, § 61. There was no repeal, express or implied, of ORS 144.305. Indeed, there were no substantive changes to ORS 144.310 at all.

We conclude that petitioner was subject to ORS 144.305 at the time his crime was committed. Petitioner concedes that, in that event, the Board's order does not violate the *ex post facto* clauses of either the state or the federal constitutions.

Affirmed.