## JOHN SCOTT DAVIDSON,
*Petitioner,*

*v.*

## BOARD OF PAROLE
## AND POST-PRISON SUPERVISION,
*Respondent.*

(A86212)

914 P2d 14

Petition allowed; opinion modified and adhered to as modified.

Judicial Review from Board of Parole and Post-Prison Supervision.

Eric M. Cumfer, Deputy Public Defender, for petition.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

## LANDAU, J.

Petitioner moves for reconsideration of our opinion, 139 Or App 289, 911 P2d 973 (1996), in which we rejected his arguments that the Board erred in imposing a 12-month term of supervised parole, followed by unsupervised parole for the balance of his sentence. According to petitioner, we mischaracterized one of his arguments and, in rejecting it, failed to address a critical argument that he did make. Petitioner now expresses the concern that, should he wish to seek review of our decision, he will face the objection that he had failed to raise it sufficiently to warrant examination by the Supreme Court. Although reargument of legal issues is disfavored, *see* ORAP 6.25(1)(e), we wish there to be no misunderstanding as to our disposition of petitioner's arguments. We therefore allow the petition, modify our opinion and adhere to it as modified.

In 1988, petitioner was sentenced to 12 years in prison for a crime he committed earlier that year. In 1994, the Board set a release date of November 10, 1994, subject to a 12-month term of supervised parole, followed by unsupervised parole for the balance of the sentence. On review, he argued that the Board could not impose such a term of parole, because *former* ORS 144.310, which he contended was the statute in effect at the time of his crime, permitted only six to twelve months of parole. We rejected that argument, holding that *former* ORS 144.310 was not the statute that applied to him at the time his crime was committed. We held that *former* ORS 144.305, which required parole to extend for the entire term of an offender's sentence, was the applicable statute, because it was enacted after *former* ORS 144.310 and applied to all crimes committed after December 4, 1986. 139 Or App at 293.

Petitioner now complains we failed to address his argument that, because *former* ORS 144.305 did not expressly repeal *former* ORS 144.310 and because the two statutes are "apparently in conflict," the two statutes must be "harmonized" in such a way that results in only a "partial repeal" of *former* ORS 144.310:

"*Former* ORS 144.305 may * * * be read as only a partial repeal of *former* ORS 144.310. *Former* 144.305 says parole shall extend for the term of the prisoner's sentence but that active supervision may be ended after three years. *Former* ORS 144.310(1) says the board may discharge a parolee after six months or a year in some circumstances. * * * It is impossible to square the language in *former* ORS 144.305 that supervision may be ended only after three years with the provision in *former* ORS 144.310 that supervision may be ended in six months. However, *former* ORS 144.305's language that the parole shall last 'for the entire term of the prisoner's sentence' may be squared with *former* ORS 144.310's language that the board may discharge a parolee after six months or a year. A discharge from parole ends a sentence.

"Thus, the board may terminate the sentence by discharging petitioner from parole. This discharge would be the end of the sentence and so may be done six months or a year after release and still comply with *former* ORS 144.305 * * *. The board could not, however, end supervised parole without a discharge until three years have passed from petitioner's release. Reading the statutes this way would not require the implicit repeal of *former* ORS 144.310(1); since the statutes are not irreconcilably in conflict in this respect, there was no complete implicit repeal of *former* ORS 144.310(1)."[1]

In our original opinion, we rejected that argument on the ground that *former* ORS 144.310 and *former* ORS 144.305 did not apply at the same time, and there is, therefore, no need to engage in the "harmonizing" analysis that petitioner proposes. Petitioner now complains that our decision is flawed, because it is based on an assumption that the two statutes cannot reasonably apply at the same time in the manner that he has suggested.

---

[1] In our original opinion, we summarized petitioner's argument as follows:

"[H]e argues that, because [*former*] ORS 144.305 did not expressly repeal [*former*] ORS 144.310, both statutes remained 'on the books,' and his term of parole should be set under the less harsh of the two applicable statutes."

139 Or App at 293. Petitioner strongly takes issue with that summary. Rather than debate the point, we simply quote from petitioner's brief.

The problem with petitioner's argument is that it is not a reasonable "harmonization" of the two statutes. According to petitioner, even though a prisoner was discharged after only six months, of, say, a 36-month sentence, because he was discharged, his parole did, in fact, last his entire sentence. Such an argument is entirely nonsensical and renders *former* ORS 144.310 meaningless: A prisoner who is discharged from parole before the expiration of his or her original sentence nevertheless has served parole for the full sentence, because a discharge from parole—whenever that occurs—*ends* the prisoner's sentence. It also necessitates giving the same word two different meanings in the same context: According to petitioner, "sentence," as used in *former* ORS 144.310, means both the term of incarceration imposed by the trial court and any incarceration actually served prior to discharge by the Board. Aside from asserting that the terms of the statute, in the abstract, are capable of his proposed construction, petitioner has cited us no evidence that such an odd reading of the statutes was intended, and we are aware of none. We decline to adopt petitioner's proposed construction. *See PGE v. Bureau of Labor and Industries,* 317 Or 606, 611, 859 P2d 1143 (1993); *Massee and Massee,* 138 Or App 589, 596, 911 P2d 320 (1996).

Petition for reconsideration allowed; opinion modified and adhered to as modified.